Chad C. Rasmussen (13847)
Chase R. Nielson (16913)
ALPINA LEGAL
2230 N University Pkwy, Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
E-mail: chase@AlpinaLegal.com

*Attorney for CASCADE COLLECTIONS LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TAVARAS LAMAR PEARSON AND DESARAE LASHAE PEARSON (aka/fka DESARAE DIAZ),<br><br>　　　　　Debtors. | **OBJECTION TO MOTION TO REOPEN CASE WITHOUT THE APPOINTMENT OF A TRUSTEE TO DETERMINE DISCHARGEABILITY OF A PREPETITION CLAIM**<br><br>Case No. 16-24465 (Ch. 7)<br><br>Judge: Kevin R. Anderson |

CASCADE COLLECTIONS LLC ("Cascade"), by and through counsel of Alpina Legal, and pursuant to Local Rule 9013-2(e), hereby objects to Debtors' Motion to Reopen Case Without the Appointment of a Trustee to Determine Dischargeability of a Prepetition Claim (the "Motion").

In support of this objection, Cascade responds to the Motion and states as follows:

1. This is the second such motion that Debtors have filed. On January 11, 2019 Debtors filed a very similar motion regarding Cascade's judgment that it is attempting to collect on. However Debtors withdrew such motion on March 18, 2019 after continuing the

original hearing on the motion two separate times and after Cascade had filed an objection to such motion.

2.   Cascade admits the statements of ¶ 1 of the Motion but denies that any exhibit was included with the Motion. Cascade also asserts and states that the original debt was ultimately assigned to Cascade by Titanium Funds LLC ("Titanium") on or about June 9, 2012.

3.   Cascade admits the statements of ¶ 2 of the Motion. Cascade adds that a proof of claim deadline of June 21, 2017 existed in the case.

4.   Cascade admits the statements of ¶ 3 of the Motion that Titanium was listed in the Debtors' filed Schedules. Cascade also asserts and states that it was not listed in the Debtors' Schedules as originally filed. It was only January 15, 2019 when Debtors filed an amended Schedule E/F to include Cascade at a time when the case was closed and it has not been reopened to allow such amendment.

5.   Cascade admits the statement of ¶ 4 of the Motion that the discharge covered "all dischargeable prepetition debts." However, Cascade asserts and states that such discharge did not cover the debt once held by Titanium because it had been previously assigned to Cascade, which subsequently reduced such claim to judgment on February 11, 2013 after Debtor Desarae Diaz was personally served with process. Debtor Desarae Diaz received notice that Cascade was the judgment creditor for this obligation on multiple occasions prior to Debtors' filing for bankruptcy. Notice of the judgment was sent to her on February 11, 2013 and then again a copy of the judgment was sent to her on June 23, 2014 with a Motion. Attached hereto as Exhibit "A" is a copy of the Proof of Service of the Summons, the Judgment, the Notice of Judgment, and the Motion.

2

6. Cascade denies the statements of ¶ 5. Debtor Desarae Diaz did not have reason to have the belief she did because of the fact that she was personally served with a summons in the state court case and judgment was entered against over three years prior to her filing her bankruptcy petition. Furthermore, Debtor Desarae Diaz's subjective belief or intent to have the debt discharged does not displace the plain provisions of the Bankruptcy Code.

7. Cascade admits the statements of ¶ 6.

8. Cascade admits the statements of ¶ 7 to the extent they correctly reflect the cited code section.

9. Cascade admits the statements of ¶ 8 to the extent that efforts by Cascade have been expended to collect the judgment it has obtained; however the statements are denied to the extent that they imply Titanium has put forth efforts to collect on its "Claim" post-discharge. Furthermore, it is denied that a "Dispute" has arisen regarding the dischargeability as set forth below.

10. Cascade admits the statements of ¶ 9 to the extent that it accurately reflects the Debtor's "desire"; however, Cascade denies that this court has exclusive jurisdiction over the issue of dischargeabilty of debts. In fact, 28 U.S.C. § 1334 states that federal district courts have original "but not exclusive jurisdiction" of all proceedings arising under Title 11 of the United States Code. In particular state courts have concurrent jurisdiction over determining dischargeability of unlisted debts pursuant to 11 U.S.C. § 523(a)(3). *See In re McGhan*, 288 F.3d 1172 (9th Cir. 2002) ("Federal courts have exclusive jurisdiction over §§ 523(a) (6) (nondischargeability of willful and malicious injury) and 523(c) (1) (adequacy of notice to a listed creditor) of the code, **whereas state and federal courts**

**have concurrent jurisdiction over § 523(a) (3) (unlisted or unscheduled debt) proceedings.**" *Id.* at 1176 (bold emphasis added).).

11. Cascade admits the statements of ¶ 9 to the extent that it accurately reflects the Debtor's contention, but denies that notice need only be given to Titanium. Clearly Cascade should be given notice, and Cascade trusts this Court in its discretion can determine proper notice.

12. Cascade further states that it was neither listed nor scheduled on the schedules filed by Debtor, nor was Cascade notified of the Debtors' bankruptcy in time to timely file a proof of claim by June 21, 2017. Cascade states that the debt it is collecting from Debtor was originated by Lucky's Auto Credit LLC which assigned it to Titanium which assigned it to Cascade. While Titanium was listed on the schedules filed by Debtor, Cascade was not. Accordingly, Cascade was not properly listed and was not given any notice of the Debtor's bankruptcy case or the opportunity to file a timely proof of claim.

13. Cascade initiated a lawsuit against Debtor in Utah Courts on December 26, 2012, prior to the filing of Debtors' bankruptcy case and, as such, Debtor Desarae Diaz should have no excuse for why she chose neither to list Cascade nor to give it notice of her bankruptcy case. Indeed, the legal standard is that a debtor may not list the original creditor "when he knows, or ought to know, that another is the present holder of his obligation…" *In re Osofsky*, 50 F.2d 241, 243 (S.D.N.Y. 1931); *see also Columbia Bank v. Birkett*, 174 N.Y. 112, 66 N.E. 652 102 Am.St.Rep. 478 (N.Y. Ct. App. 1903), *aff'd* in 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (the payee on a note was listed in the debtor's bankruptcy but not the current holder; held the obtained discharge did not cover the note).

14. Cascade was first notified of the Debtors' bankruptcy in December 2017, after both the

discharge of Debtors and the deadline for filing proofs of claim, when Cascade's counsel

received an email from Debtors' counsel's office. Attached hereto as Exhibit "B" is copy

of that email.

15. Given the proof of claim filing deadline in this case of June 21, 2017, the notice Cascade

received in December 2017 is meaningless. Cascade was neither listed nor scheduled on

the schedules filed by Debtor in time to permit a timely filing of a proof of claim and

Cascade's notice and knowledge of the case, including that of its attorney, did not allow

for such a timely filing. The burden is upon the Debtor to prove or show Cascade had

notice or actual knowledge of the Debtor's bankruptcy case sufficient for it to timely file

a proof of claim. *See U.S., Small Business Admin. v. Bridges*, 894 F.2d 108, 111 (5th Cir.

1990) ("The burden of proof rests with [the debtor] to show that the [creditor] had 'notice

or actual knowledge' under section 523(a)(3)."). Debtor has not shown that Cascade had

timely notice, and the reason is because such timely notice is nonexistent.

16. Debtor has failed to even put forth evidence of a prima facie showing that Cascade had

notice or actual knowledge and, in fact, the evidence extant establishes that December 20,

2017 was the first date that Cascade could possibly have had notice or actual knowledge

of Debtor's bankruptcy filing. Given this notice date, Cascade is prejudiced and was

unable to participate in the Debtor's bankruptcy for attending the 341 meeting, obtaining

2004 orders, objecting to claimed exemptions, filing motions to dismiss, filing a

complaint for any appropriate reason, or, more importantly, filing a proof of claim.

17. This case is similar to the Tenth Circuit Bankruptcy Appellate Panel's ruling in *Dawson

v. Unruh (In re Dawson)*, in that pursuant to 11. U.S.C. 523(a)(3), the Debtors' discharge

in this case did not discharge Debtor Desarae Diaz from the debt that Cascade is

collecting, primarily because a claims bar date exists here, and granting the Debtors'

Motion to reopen the case would be improper, resulting in judicial waste. 209 B. R. 246

(10th Cir. BAP 1997)

18. Furthermore, the doctrine of collateral estoppel should prevent Debtors' Motion from

being granted and from seeking a determination of dischargeability from this Court. The

United States Supreme Court explained in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411,

66 L.Ed.2d 308 (1980), that federal courts traditionally have adhered to the doctrine of

collateral estoppel, and "generally have also consistently accorded preclusive effect to

issues decided by state courts." *Id.* at 94-95, 101 S.Ct. at 415; *see also Navajo Nation v.*

*District Court for Utah County*, 624 F.Supp. 130, 35-36 (D.Utah 1985). The Court in

*Allen* stated: "Under collateral estoppel, once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on

a different cause of action involving a party to the first case." 449 U.S. at 94, 101 S.Ct. at

414.

19. On January 15, 2019, the Third District Court for the State of Utah signed an Order on

this same issue, concluding that as "Defendant's [Desarae] judgment creditor, Plaintiff

[Cascade] should have been listed in and given notice by Defendant of her bankruptcy

case," and that "[p]ursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's

bankruptcy does not cover the judgment Plaintiff obtained against her in this case and,

accordingly, the discharge injunction is not applicable to Plaintiff." Attached hereto as

Exhibit "C" is a copy of that Order. Debtor's argument failed in State court and she seeks

to relitigate the issue again here.

6

20. The United States District Court for the Southern District of New York aptly stated that

"[I]t is appropriate for a bankruptcy court to consider the merits of the underlying claim

when deciding whether or not to grant a motion to reopen the proceedings. Thus, where

the underlying claim is certain to fail upon a reopening of the proceedings, a bankruptcy

court may properly deny the motion. In addition, courts ordinarily consider 'the benefit to

the debtor, the prejudice to the would-be defendant in the litigation, and the benefit to the

creditors.'" *In re Kassover*, 448 B.R. 625, 631 (S.D. N.Y. 2011). It is also notable that the

Fifth Circuit has held that a debtor did not exercise reasonable diligence in accurately

scheduling his debts and, as a result, was denied the opportunity to amend his schedules

so that he could obtain a discharge of the debt. *Matter of Faden*, 96 F.3d 792 (5th Cir.

1996). In light of this, it would be fruitless to reopen this case when the clear meaning

and effect of 11 U.S.C. § 523(a)(3), as applied to Cascade, is that the debt it is collecting

is not discharged and so adding Cascade as a creditor in the Debtors' Schedules would be

a pointless exercise, nor would sanctions be available for Cascade's attempting to collect

the debt.

21. In sum, Debtors' Motion is, in essence, an attempt to allow them to request that this Court

rule that their discharge applies as to Cascade. However, Debtors are attempting to put

the cart before the horse because Debtors have failed to show how the discharge is

applicable to Cascade. The reason is simple: the Debtors have no actual evidence of how

Cascade is subject to the discharge. Further, as this dispute/issue has already been settled

in Cascade's favor in state court proceedings, reopening this case to ultimately relitigate

the issue can only result in a waste of this Court's time and resources as well as

Cascade's.

WHEREFORE, Cascade respectfully requests that this Court deny the Debtors' Motion because Debtors have failed to establish that the discharge order is applicable to Cascade and granting the Motion will result in waste of judicial resources and the time and money of all interested parties. Furthermore, Cascade respectfully requests that in its Order it provide that Debtors' recent amendment of their Schedules to list/include Cascade and its legal counsel has no effect on the discharge previously entered by the Court.

DATED this 12th day of April, 2019.

/s/ Chad C. Rasmussen

Chad C. Rasmussen

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2019, I sent a copy of the foregoing

Objection via the Electronic Case Filing System to the following:

Matthew K. Broadbent
matt@vannovalegal.com, vannova.ecf@gmail.com, broadbentmr74548@notify.bestcase.com,
vannovalegal@ecf.courtdrive.com, encoreresss.inbound@gmail.com,
ecfarchive@vannovalegal.com

Logan E. Finlay
Logan@VannovaLegal.com

Chase R. Nielson
chase@alpinalegal.com, contact@alpinalegal.com, Chad@alpinalegal.com

Stephen W. Rupp
rupptrustee@mbt-law.com, UT03@ecfcbis.com

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

/s/ Chad C. Rasmussen
Chad C. Rasmussen

**Exhibit "A"**

Serve DESARAE DIAZ: (801) 205-5041, 801-649-8989
1264 River Bed Dr. #1228
West Valley City, UT 84119

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

Attorney for *Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **10-DAY SUMMONS** |
| Plaintiff, | |
| v. | Case No. |
| DESARAE DIAZ, an individual, | Judge: |
| Defendant(s). | |

THE STATE OF UTAH TO DESARAE DIAZ:

You are summoned and required to answer the attached complaint. Within 20 days after service of this summons, you must file your written answer with the clerk of the court at the following address: 450 South State St, Salt Lake City, UT 84114, and you must mail or deliver a copy to plaintiff's attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint. Within 10 business days after service of this summons on you, the complaint will be filed with the clerk of the court. If the complaint is not filed with the court within 10 business days after service of this summons upon you, then you do not need to file an answer to the complaint. You may call the clerk of the court at 801-238-7300 at least 13 days after service of this summons upon you to determine if the complaint has been filed.

DATED this __12th__ day of December, 2012

___/s/ Chad Rasmussen_____
Chad Rasmussen

STATE OF UTAH      )         AFFIDAVIT OF SERVICE
COUNTY OF SALT LAKE )
I hereby make return and certify that I am a Private Investigator in the
State of Utah and not a party to this action.

I received the following process on _12/14/2012_ and served the within and
hereto annexed:

__X__ Summons & Complaint ( _10_ Day)      ____ Writ of Execution

____ Supp order                            Bench Warrant

____ Order to show cause                   Other

upon _Desarae Diaz_
the within named Defendant, by delivering to and leaving said process with

__X__Defendant personally,      DESCRIPTION: HEIGHT: _A_ AGE: _120's 30's_
                                (APPROX)
                                WEIGHT: _H_ HAIR: _Brw_

                                OTHER:_____

_____, a person of suitable
age and discretion, residing at the listed resident of said Defendant
at _1264 River bed Dr. #1228 WVCUT 84119_ Utah on _12/16/2012_.

I further certify that at the time of service of the said article(s), I
endorsed the date and place of service and added my name and official
title, if any, thereto.

Active Military ____yes __X__no ____wouldn't say


PRIVATE INVESTIGATOR: Rick Gallegos

                                          MILES 1 WAY:_____

SUBSCRIBED TO BEFORE ME THIS              # OF TRIPS :_____
_17th_ DAY OF _Dec.__, 2012.              TOTAL MILES:_____


NOTARY PUBLIC                             SERVICE FEE:$ _25_
STATE OF UTAH NOTARY PUBLIC
KENZIE PALMER
COMMISSION # 660593
MY COMMISSION EXPIRES:
11-25-2016
                                          MILEAGE FEE:$ _—_
                                          TOTAL FEE  :$ _25_

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

February 11, 2013 04:13 PM

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____
Clerk of the Court

**Dated:** February 11, 2013            /s/   Jacqueline M. Carter
04:13:27 PM                 District Court Clerk

2

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **NOTICE OF JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rules of Civil Procedure 5(a)(2)(D) and/or 58A(d), Plaintiff hereby gives notice to all parties to this action that on February 11, 2013, the court signed and entered judgment against the Defendant(s).

DATED this __11th__ day of February, 2013

__/s/ Chad Rasmussen_____
Chad Rasmussen

*Certificate of Service*

I certify that on February 11, 2013, I gave notice of the signing and entry of judgment in this action by mailing a copy of the Notice of Default Judgment to Defendant(s) DESARAE DIAZ at 1264 River Bed Dr. #1228, West Valley City, UT 84119.

__/s/ Chad Rasmussen_____
Chad Rasmussen

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

_Attorney for Plaintiff_

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ, an individual,<br><br>Defendant. | **MOTION FOR ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE EMPLOYMENT INFORMATION**<br><br>Case No. 129918006<br><br>Judge: COLLECTION |

Plaintiff by and through its counsel Alpina Legal hereby moves the Court to enter an

order, pursuant to Utah Code 35A-4-314, requiring the Utah Department of Workforce Services,

Unemployment Insurance Division ("Division") to disclose the Judgment Debtor Desarae Diaz's

last known employer's name and address. This motion is based on the following grounds:

1. Judgment in favor of Plaintiff, who is the Judgment Creditor, was entered against

    Desarae Diaz on February 11, 2013. A copy of this judgment is included as Exhibit "A."

2. To date, this Judgment remains unsatisfied.

3. Utah Code 35A-4-314 provides that the Division "shall disclose to a creditor who has

    obtained judgment against a debtor the name and address of the last known employer of

    the debtor" if the creditor obtains a court order requiring such disclosure and, after such

1

order is entered, the creditor provides the Division with a copy of the order, enters into a

written agreement with the Division, pays a reasonable fee to the Division for complying

with the order, and complies with data safeguard and security measures to protect the

disclosed information.

4. Utah Code 35A-4-314(2) states that the Court "shall grant an order to disclose the

    information" if following occurs:

    i.   Plaintiff files a motion with the Court;

    ii.  Plaintiff includes a copy of the judgment against the Judgment Debtor Desarae

         Diaz;

    iii. Plaintiff serves a copy of the motion upon the Judgment Debtor and upon the

         Division;

    iv.  The Judgment Debtor and the Division have an opportunity to respond; and

    v.   No objection to the motion is sustained by the Court.

5. Plaintiff has or will have satisfied the requirements of Utah Code 35A-4-314(2) by filing

    and serving this Motion upon Judgment Debtor Desarae Diaz and the Utah

    Unemployment Insurance Division.

    Therefore, Plaintiff requests that this Court enter an order requiring the Utah Department

of Workforce Services, Unemployment Insurance Division to disclose the last known name and

address of the employer of Judgment Debtor Desarae Diaz.

    DATED this 20th day of June, 2014.

                                            /s/ Chad Rasmussen
                                            Chad Rasmussen

                        CERTIFICATE OF SERVICE

2

I hereby certify that on the 20th day of June, 2014, I sent a copy of this MOTION FOR ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE EMPLOYMENT INFORMATION by first-class mail, postage pre-paid, to the following:

Desarae Diaz
1264 River Bed Dr. #1228
West Valley City, UT 84119

Kathleen Bounous – via electronic mail only
Utah Department of Workforce Services
Unemployment Insurance Division
kbounous@utah.gov
mlmartinez@utah.gov

/s/ Chad Rasmussen
Chad Rasmussen

**Exhibit A**

4

Chad Rasmussen (13847)
Alpina legal
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ, an individual,<br><br>Defendant(s). | **DEFAULT JUDGMENT**<br><br>Case No. 129918006<br><br>Judge: COLLECTION |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____

Clerk of the Court

**Dated:**  February 11, 2013          /s/   Jacqueline M. Carter
            04:13:27 PM                       District Court Clerk

2

**Exhibit "B"**

 Gmail

**Chad Rasmussen <chad.rasmussen@gmail.com>**

---

## [18458] Desarae & Tavaras Pearson - BK7 #16-24465 * Notice of Filing

**BK Paralegal** <bkparalegal@vannovalegal.com>                    Wed, Dec 20, 2017 at 11:24 AM
To: "chad@alpinalegal.com" <chad@alpinalegal.com>

Hello,

Attached you will find the Notice of Filing for the debtors listed above with Case No. 129918006.

Feel free to contact our office for any questions or concerns regarding this matter.

Thank you,


**Legal Assistant**



49 West 9000 South

Sandy, UT 84070

T: 801-415-9800

F: 801-415-9818


**www.VannovaLegal.com**


This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information.  Any use of this information by anyone other than the intended recipient is prohibited.  If you have received this transmission in error, please immediately reply to the sender and delete this information from your system.  Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

---



📄 **NoticeOfFiling.pdf**
123K

**Exhibit "C"**

The Order of the Court is stated below:
Dated: January 15, 2019          /s/   ANDREW H STONE
          03:49:52 PM                    District Court Judge

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84111 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ,<br><br>Defendant. | **ORDER ON MOTIONS TO QUASH BENCH WARRANT, TO STRIKE AFFIDAVITS, AND TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT**<br><br>Case No. 129918006<br><br>Judge: ANDREW H STONE<br><br>2013-LCKYS-1484 |

Defendant's MOTION TO QUASH BENCH WARRANT and MOTION TO STRIKE

"AFFIDAVITS" OF CHAD RASMUSSEN AND DIANA TARTAGLIA, and Plaintiff's

MOTION TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT have been filed. On January

3, 2019, this Court held a hearing on these Motions at which counsel for Plaintiff Chad

Rasmussen appeared and counsel for Defendant Russell Skousen appeared. The Court having

read and heard the arguments and evidence of counsel as presented in their briefing and at the

hearing, and the Court having read the file herein and being fully advised , and good cause

appearing therefor;

THE COURT FINDS AND CONCLUDES as follows:

1

1. Defendant was personally served with a summons and complaint in this case as evidenced by the summons on return filed in this case.

2. Defendant has failed to show by clear and convincing evidence that she was not personally served with a summons and complaint in this case.

3. Plaintiff obtained a judgment against Defendant and became her judgment creditor on February 11, 2013, and notice of the judgment was given to her.

4. Over three years after judgment was entered against her, Defendant filed a petition for bankruptcy in the Utah Bankruptcy Court, which was assigned case number 16-24465.

5. Plaintiff was not listed as a creditor in her bankruptcy case, although the original creditor of the debt the judgment was based upon was listed by Defendant in her bankruptcy.

6. As Defendant's judgment creditor, Plaintiff should have been listed in and given notice by Defendant of her bankruptcy case.

7. On August 31, 2016, Defendant obtained a discharge in her bankruptcy case.

8. Plaintiff did not have notice of Defendant's bankruptcy case prior to the deadline of filing proofs of claim of June 21, 2017.

9. Plaintiff first received notice of Defendant's bankruptcy case on December 20, 2017 and therefore Plaintiff did not have notice in time to file a proof of claim by the June 21, 2017 deadline.

10. Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in this case and, accordingly, the discharge injunction is not applicable to Plaintiff.

   IT IS HEREBY FURTHER ORDERED that Defendant's MOTION TO QUASH

BENCH WARRANT and MOTION TO STRIKE "AFFIDAVITS" OF CHAD RASMUSSEN

AND DIANA TARTAGLIA are denied, and Plaintiff's MOTION TO SUBSTITUTE

DECLARATIONS FOR AFFIDAVIT is granted, and the Court's Bench Warrant issued

February 28, 2018 is still valid and enforceable and Plaintiff may proceed to serve such upon

Defendant.

---END OF DOCUMENT---
(Signature appears at the top of the first page.)

APPROVED AS TO FORM VIA EMAIL:

/s/ Russell C. Skousen
Russell C. Skousen


/s/ Chad C. Rasmussen
Chad C. Rasmussen

3

*Certificate of Service*

I certify that on January 7, 2019, I served a copy of this proposed Order via email to the following:

Russell C. Skousen, Utah Bar No. 6441
SKOUSEN LAW, PLLC
10808 S. River Front Parkway, Ste. 310
South Jordan, UT 84095
Telephone: (801) 505-9980
Fax: (801) 907-7241
Email: rskousen@skousenlawfirm.com


/s/ Chad C. Rasmussen
Chad C. Rasmussen

4